UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Francisco Javier Jayme |
| **Case Number:** | 05-51020 |

## Document Information

| | |
|---|---|
| **Description:** | Response By Creditor Chase Home Finance, LLC To [5-1] Motion concerning automatic stay by Francisco Javier Jayme . |
| **Received on:** | 2005-11-10 15:51:57.000 |
| **Date Filed:** | 2005-11-10 00:00:00.000 |
| **Date Entered On Docket:** | 2005-11-15 00:00:00.000 |

## Filer Information

| | |
|---|---|
| **Submitted By:** | Karen Weaver |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

FRANCISCO JAVIER JAYME, SSN: ___-__-7644,

Debtor.                                    No. 13 05-51020 ML

### CREDITOR CHASE HOME FINANCE, LLC'S RESPONSE TO DEBTOR'S MOTION CONCERNING AUTOMATIC STAY AND MEMORANDUM IN SUPPORT OF RESPONSE

COMES NOW Creditor, Chase Home Finance, LLC ("Chase"), by and through its attorneys, Little & Dranttel, P.C. (Karen Howden Weaver) and for its Response to the Debtor's Motion Concerning Automatic Stay, filed on November 1, 2005, states as follows:

1. Section 362(c)(4) of the revised Bankruptcy Code states that if the individual was a debtor in two or more cases that were dismissed within the year before the petition was filed, the Stay under section 362(a) does not go into effect upon the filing of any case unless it is one filed under Section 707(b). This is not a Chapter 7 case. Therefore, there currently is no stay in effect and the Debtor has the burden of proof, by clear and convincing evidence, to demonstrate at the hearing that the present case has been filed in good faith as to Creditor Chase, that he is an eligible debtor under the revised Code, and that there has been a change in circumstances from his prior Chapter 13 cases that would warrant the Court imposing the Stay. See Section 362(c)(3)(C).

2. Debtor's Motion Concerning Automatic Stay sets forth no evidence that demonstrates to the Court, the Trustee, or to Creditor Chase, that there has been the requisite change in circumstances and, further, that he has filed the current Chapter 13 in

good faith as far as Chase is concerned. Debtor failed to make even one post-petition mortgage payment in his last two Chapter 13 cases and Chase had the stay lifted in the last three cases. Debtor must provide proof by clear and convincing evidence that he has the ability to make his mortgage payments and to propose a feasible plan to pay the over $100,000 in mortgage arrears he now owes to Chase. Debtor's Motion does not even attempt to make this showing.

3. Debtor filed the present Chapter 13 case on November 1, 2005. Contrary to Debtor's assertion in the Motion that he has had two prior bankruptcies within the past six years, he has actually had three, making this his fourth Chapter 13 filing in less than three years.

4. The first Chapter 13, case number 03-31671, was filed in the Western District of Texas on June 27, 2003. Attached as Exhibit A is a docket from this case. At the time the case was filed, Debtor had almost $20,000 in arrears on his mortgage to Chase. (See paragraph 7 of Chase's Motion for Relief from Stay, attached hereto as Exhibit B). While Debtor was able to confirm a Plan on November 14, 2003, just four days later Chase filed a Motion for Relief from Stay because the Debtor was due for the October and November 2003 post-petition mortgage payments. An Agreed Order Conditioning the Stay was filed on December 18, 2003. See Exhibit C attached hereto. Debtor failed to comply with the terms of the Agreed Order and the Stay was lifted on March 13, 2004. See Exhibit D attached hereto. This case was then dismissed on July 22, 2004 due to the Debtor being more than sixty days delinquent in his Trustee payments. The case was closed on September 8, 2004.

H:\FILES\CHASE\Jayme\Bankruptcy 2005\Response to Motio to Impose Stay.doc
4010-197 khw

Case 05-51020-m13    Doc 15    Filed 11/10/05    Entered 11/15/05 13:54:00    Page 3 of 11

5. After the stay was lifted in the Debtor's Texas bankruptcy, Chase proceeded to foreclose the property located at 105 Thoroughbred Court in Santa Teresa, NM. However, Debtor then immediately filed a second Chapter 13 in New Mexico on October 25, 2004, case number 04-17779. A docket from this case is attached hereto as Exhibit E. At the time of the filing of the second bankruptcy, the Debtor had arrears due to Chase in the amount of $40,233.35 and had not made a payment on his mortgage since February of 2004. See Proof of Claim attached hereto as Exhibit F. The Trustee filed a Motion to dismiss the case on December 14, 2004 based upon the Debtor's failure to provide requested documents and failure to timely file a Chapter 13 Plan. Chase filed a Motion for Relief from Stay on December 17, 2004, related to the Debtor's failure to make even one post-petition mortgage payment. See Exhibit G attached hereto. A Default Order Granting Chase's Motion for Relief from Stay was entered on January 19, 2005 (see Exhibit H attached hereto) and the Bankruptcy was dismissed on January 22, 2005.

6. Debtor then immediately filed his third Chapter 13 on January 31, 2005, case number 05-10619. A docket from this case is attached as Exhibit I hereto. Chase timely filed a Proof Claim showing that the Debtor was $61,722.92 in arrears on his mortgage payments. See Exhibit J attached hereto. Again, Debtor failed to make even one of his post-petition mortgage payments and Chase filed a Motion for Relief from Stay on April 1, 2005. See Exhibit K attached hereto. A Stipulated Order Modifying Stay was filed with the Court on May 27, 2005. See Exhibit L attached hereto. The Trustee filed a Motion to Dismiss the case on July 11, 2005 based upon the Debtor's three delinquent plan payments. Chase filed a Notice of Default on July 21, 2005 as the Debtor had failed to comply with the terms of the Stipulated Order Modifying Stay and, again, to make any

of his mortgage payments. See Exhibit M attached hereto. An Order Granting the Debtor's Motion to Dismiss the case was then entered on July 26, 2005.

7. Debtor's only two arguments in his Motion to Impose Stay are that his most recent Chapter 13 should have been converted to a Chapter 7 and not dismissed and that he has equity in his home. While the first may be relevant, the second is completely without merit in relation to a Motion to Impose Stay. The issue is whether the Debtor can show a change of circumstances related to Chase between this case and his three prior Chapter 13 cases. The fact is that Debtor has not made a mortgage payment since February of 2004, including not one post-petition payment in either of his two most recent Chapter 13 cases. Alleged equity in the debtor's property is not evidence that he is now able to make his mortgage payments, or confirm a plan where he can cure the over $100,000 in mortgage arrears he owes to Chase, or that there is justification for the imposition of the Stay.

8. As to the Debtor's first argument, while the Motion filed in his last Chapter 13 case, case number 05-10619, did appear to be one for either conversion or dismissal, the form of Order submitted to the Court was clearly one for dismissal of the case. This Order was entered and Debtor made no attempt to set it aside and took no action to try to officially convert the case to a Chapter 7. Debtor cannot now argue that his own inaction should not be held against him under the requirements of the new Bankruptcy Code as the record is clear he did have two prior cases dismissed within a year.

9. As stated, the burden is on the Debtor to show by clear and convincing evidence at the time of the hearing on November 30, 2005, that he has not filed the

present case in bad faith. The 2005 Amendments to the Code do not define "good faith." However, they do set forth several circumstances in which a case is presumed not be filed in good faith, under Section 362(c)(3)(C). The first of these criteria is that more than one case involving the debtor was pending in the year preceding the filing of the petition. Since the Debtor had two prior Chapter 13 cases that were pending in 2004 and 2005, this case is presumptively filed in bad faith under the new Code.

10. Debtor also meets a second criteria of presumptive bad faith filing in that, as stated above, he has made no showing that there has been a substantial change in circumstances or some other reason to expect that this new Chapter 13 case will be successfully concluded with a discharge or with a confirmed plan that will be fully performed.

11. Debtor meets a third criteria for bad faith failing since Chase's request for relief from automatic stay was resolved prior to the Debtor's prior Chapter 13 cases being dismissed, including the case in Texas in 2003. In the Texas case, the Stay was lifted on March 16, 2004. The case was then dismissed on July 22, 2004. In the first New Mexico Chapter 13 case, the stay was lifted on January 19, 2005. The case was dismissed on January 22, 2005. In the second New Mexico Chapter 13 case, the stay was lifted on July 21, 2005. The case was dismissed on July 26, 2005.

<u>Memorandum in Support of Response to Debtor's Motion to Impose Stay</u>

As stated above, it is Creditor Chase's position that Debtor does not qualify for bankruptcy under the terms of the amended Bankruptcy Code and that he has not brought forth sufficient evidence to overcome the presumption of bad faith filing under Section 362(c)(4). Chase is aware that this is most likely one of the first cases to be decided under

the revised Code and that there is no "precedence" per se. However, this Court has examined the standard for dismissal of cases under the old Code and many of the same principles will obviously apply in the Court's analysis of the Debtor's Motion.

Although decided under the old code, the facts of this case are significantly similar to those in this Court's Memorandum Opinion filed on May 29, 2003 in the Kahnom Davoudzadeh case, number 02-16319, granting the Trustee's and State Street Bank's Motion to Dismiss. In that case, this Court found that the Debtor had filed two prior Chapter 13 bankruptcies which were dismissed, one for failure to commence making payments to the trustee and the other for failure to maintain current payments. In addition, the Court found that the debtor had filed her three chapter 13 cases to delay or stay State Street Bank's foreclosure on her residence. The Court found that the debtor's pattern of failure to make and maintain timely payments to the trustee evidenced the debtor's inability to carry out a meaningful reorganization and indicated that the debtor had been acting contrary to the spirit and purpose of the bankruptcy code. This supported a finding of bad faith filing. (See page 6 of the Opinion, attached as Exhibit N hereto). The Court also noted that State Street Bank was the debtor's largest secured creditor and that its actions in the foreclosure case seemed to be the target of the debtor's successive bankruptcy proceedings. Since the debtor's statements and schedules listed no unsecured creditors, dismissal of the case was in the best interest of the creditors of the estate. (See page 7 of the Opinion, Exhibit N).

As in the Davoudzadeh case, the Debtor in this case has hardly any unsecured creditors. See Exhibit O, Schedule F from latest Chapter 13 case, number 05-10619, showing unsecured claims in the amount of approximately $4,000. Debtor does, however,

H:\FILES\CHASE\Jayme\Bankruptcy 2005\Response to Motio to Impose Stay.doc
4010-197 khw

Case 05-51020-m13    Doc 15    Filed 11/10/05    Entered 11/15/05 13:54:00    Page 7 of 11

have 9 secured creditors, including Chase, with claims estimated to be almost 1 million dollars. Of these 9 creditors, 7 have real estate mortgages, 5 of which are in default. It is clearly in the best interest of the creditors to have this case dismissed.

Chase first started foreclosure proceedings against the Debtor in 2003. However, before the Complaint could be filed, Debtor filed his first Chapter 13 case in Texas. When the Stay was lifted in that case in March of 2004, Chase proceeded to file its Complaint on April 19, 2004. Chase was set to hold a foreclosure sale of the property on October 26, 2004, but the sale had to be cancelled when Debtor filed his second Chapter 13 case on October 25, 2004. When that case was dismissed in January of 2005, Chase had no opportunity to set a new sale date as Debtor filed his third Chapter 13 case just a few days later. The stay was finally lifted again in that case on July 21, 2005 and Chase proceeded to reinstate and reopen the state court foreclosure case and amend its default judgment. A new sale date was then set for November 1, 2005, the same date the current case was filed. Since there was no stay in effect under the terms of the new Code, Chase held its foreclosure sale and the property was sold to Citibank NA, as Trustee, for the full judgment amount of $538,981.37. Each time Debtor has filed a Chapter 13 case it has coincided with Chase's efforts to foreclose and sell the property at 105 Thoroughbred Court. Yet, Debtor has made no effort to pay any post-petition payments to Chase in either of his last two cases and has not been able to confirm a plan in his last two cases.

To determine whether a petition has been filed in bad faith, the Court considers the totality of the circumstances. In re Gier, 986 F.2d 1326, 1329 (10th Cir. 1993). The general focus of this inquiry is whether the filing is fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions. In re Love, 957 F.2d 1350,

1357 (7th Cir. 1992). Neither the Bankruptcy Code nor its legislative history define "good faith." A finding of good faith "depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives and the local financial realities…and are based upon a conglomerate of factors rather than on any single datum." See In re Carbaugh, 299 B.R. 395, 399 (N.D. Texas 2003), citing In re Matter of Little Creek Dev. Co., 779 F.2d 1068, 1072 (5th Cir. 1986). Once a party calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith. See In re Carbaugh, supra, at 399.

In the case of In re Norton, 319 B.R. 671 (Utah 2005) the Bankruptcy Court held that a finding of bad faith does not require fraudulent intent by a debtor as neither malice nor actual fraud is required to find a lack of good faith. See In re Norton, supra, at 682, citing In re Leavitt, 209 B.R. 935, 940 (9th Cir. BAP 1997) and In re Powers, 135 B.R. 980, 994 (Bankr. C.D. Cal. 1991). The Utah Court also quoted an unreported opinion from the Tenth Circuit BAP which held that under Section 362 bad faith and thus "cause" for dismissal may exist when a debtor has acted improperly in some way toward the movant-creditor during the pre-petition period and when a petition is filed to thwart foreclosure efforts. See In re Norton, supra, at 682, citing Vessa v. Community First Nat'l Bank of Gillette (In re Vessa), 2004 Bankr. Lexias 1755, No. 03-21712 (10th Cir. BAP Nov. 11, 2004). The serial filing of bankruptcy cases by the Debtor for the purpose of forestalling a foreclosure action should be dismissed for bad faith. See In re Earl, 140 B.R. 728, 739 (Bankr. N.D. Ind. 1992). The serial filings are an abuse of the provisions, purpose and spirit of Chapter 13. See In re Bucco, 205 B.R. 323, 324 (M.D. Fla. 1996).

In the present case it is clear that the Debtor has acted improperly towards Creditor Chase by engaging in serial Chapter 13 filings to stall Chase's efforts to foreclose on the property at 105 Thoroughbred Court in Santa Teresa, New Mexico. The Debtor has brought forth no evidence as to any change of circumstances between his prior two cases and the present case such that it appears that the Debtor has the ability to qualify for this case, to confirm a plan that will cure the arrears to Chase and his other secured creditors, and that Chase will receive post-petition mortgage payments during the time of the plan. Therefore, the Stay should not be imposed and Chase should be allowed to finalize its foreclosure sale and transfer the title to the property to the purchaser at the sale.

WHEREFORE, Chase Home Finance LLC, respectfully requests that this Court deny the Debtor's Motion Concerning Automatic Stay and that it grant such other and further relief that the Court deems proper.

Respectfully Submitted:

LITTLE & DRANTTEL, P.C.

Karen Howden Weaver
Attorney for Chase Home Finance, LLC
7430 Washington NE
Albuquerque, NM 87109
(505) 833-3036
(505) 833-3040 (fax)

I hereby certify that a copy
of the foregoing was mailed to:

Steve H. Mazer
Attorney for Debtor
122 10th Street NW
Albuquerque, NM 87102

H:\FILES\CHASE\Jayme\Bankruptcy 2005\Response to Motio to Impose Stay.doc
4010-197 khw

Case 05-51020-m13   Doc 15   Filed 11/10/05   Entered 11/15/05 13:54:00 Page 10 of 11

Annette DeBois
Attorney for Chapter 13 Trustee
625 Silver SW #350
Albuquerque, NM 87102

Ronald E. Andazola
Chapter 11 Trustee
P.O. Box 608
Albuquerque, NM 87103-0608

this 10th day of November, 2005.

*Sharon Ferrel*
Sharon Ferrel