# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Francisco Javier Jayme

**Case Number:** 05-51020

### Document Information

| | |
|---|---|
| **Description:** | Motion by Debtor Francisco Javier Jayme For Approval of to accept offer to purchase property at 105 Thoroughbred Court in Santa Teresa, NM. |
| **Received on:** | 2005-12-02 15:06:45.000 |
| **Date Filed:** | 2005-12-02 00:00:00.000 |
| **Date Entered On Docket:** | 2005-12-05 00:00:00.000 |

### Filer Information

**Submitted By:** Steve Mazer

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:

FRANCISCO JAVIER JAYME,

    Debtor.                                    No. 13-05-51020 ML

## MOTION FOR LEAVE TO ACCEPT OFFER TO PURCHASE PROPERTY
## AT 105 THOROUGHBRED COURT, IN SANTA TERESA, NEW MEXICO

COMES NOW Debtor Francisco J. Jayme by and through his Attorney Steve H. Mazer and respectfully moves this Court for an Order granting the Debtor leave to accept the offer of Joaquin and Juanita Santoyo to purchase the property located at 105 Thoroughbred Court in Santa Teresa, New Mexico, for the amount of Seven Hundred Seventy Five Thousand Dollars ($775,000); all as is more fully shown by the Purchase Agreement - Residential Resale dated November 7, 2005, a true and correct copy of which is attached hereto and incorporated by reference as Exhibit "A".

WHEREFORE, Debtor respectfully prays for an Order approving the offer to purchase and for such other and further relief as to the Court may seem just and proper.

                                                        Filed electronically 12/2/2005
                                                       STEVE H. MAZER
                                                       Attorney for Debtor
                                                       122 10th St. NW
                                                       Albuquerque, NM 87102
                                                       (505) 243-1112
                                                       Fax: (505) 243-2998

I HEREBY CERTIFY under penalty of
perjury that a true copy of the foregoing
was mailed to:

Kelley Skehen, 625 Silver SW, Suite 350, Albuquerque, NM 87102
Karen Howden Weaver, 7430 Washington St. NE, Albuquerque, NM 87109-4561
Francisco J. Jayme, 105 Thoroughbred Court, Santa Teresa, NM 88008

this 2 day of December, 2005.

/s/ Steve H. Mazer

1




## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT - RESIDENTIAL RESALE

1. **PARTIES.** _Joaquin Santoyo é/or Assigns_ ("Buyer")
agrees to buy from Seller and _Francisco Javier Jayme_
("Seller") agrees to sell and convey to Buyer the Property described in Paragraph 4.

2. **PURCHASE PRICE.** $ _775,000.—_

   A. APPROXIMATE CASH DOWN PAYMENT AT CLOSING $ _____
   (including the Earnest Money referred to in paragraph 3)

   B. AMOUNT OF THE LOAN(S) described in Paragraph 6 below. $ _775,000.—_

3. **EARNEST MONEY.** Buyer will deliver $500.00 _____ Earnest Money in the form of check ☒, cash ☐, note ☐, dated _____, 2005 to be escrowed upon mutual acceptance of this Agreement by Buyer and Seller wi_ _Dona Ana Title_ _____, in accordance with New Mexico law. Earnest Money will be applied to Purchase Price and/or closing costs upon Closing.

4. **PROPERTY.**
A. _105 Thoroughbred Court,_    Santa Teresa
   Address                                                                                                               City
_Lot 17, Block ____, Los Ranchos del Rio Addition_
Legal Description

or see metes and bounds or other legal description attached as Exhibit _____, _Dona Ana_ _____ County, New Mexico. If the legal description of the Property is not complete or is inaccurate, this Agreement will not be invalid and the legal description will be completed or corrected to meet the requirements of the title company which will issue the title policy.

B. Description or explanation of any known mineral or water rights appurtenant to the Property and whether they will be included in the sale:
N/A

C. The Property will include the following, **if existing on the Property**, unless excluded below, free of liens: smoke, fire, security and water conditioning systems **(if owned by Seller)**; heating, ventilating and air conditioning systems; landscaping; sprinklers/irrigation equipment; storm windows and doors, screens, window coverings and rods; TV antennas, satellite dishes and receiver with access card **(if owned by Seller and if transferable)**; light fixtures; ceiling fans; range; oven; dishwasher; attached mirrors; attached floor coverings; awnings; mail boxes; fireplace grate and screen; garage door openers and controls; pool and spa equipment; and outdoor plants and trees (other than in movable containers), and
N/A

The following items are excluded from the sale:
N/A

REALTORS® Association of New Mexico (RANM) makes no warranty of the legal effectiveness or validity of this form and disclaims any liability for damages resulting from its use. By use of this form the parties agree to the limitations set forth in this paragraph. The parties hereby release RANM, the real estate brokers, their agents and employees from any liability arising out of the use of this form. You should consult your attorney with regards to the effectiveness, validity, or consequences of any use of this form. The use of this form is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the National Association of REALTORS® and who subscribe to the Association's strict Code of Ethics.

RANM Form 2104     Page 1 of 9     ©2005 REALTORS® Association of New Mexico     Initials: Buyer _____ Seller _____

REALTORS® ASSOCIATION OF NEW MEXICO
PURCHASE AGREEMENT – RESIDENTIAL RESALE

## 5. CLOSING; POSSESSION.

A. Closing will take place on **November 30**, 2005 _____ (date must be inserted) ("Closing" or "Closing Date"). Unless otherwise agreed in writing, failure to close on the Closing Date shall constitute a default under this Agreement.

B. At Closing, Buyer and Seller will execute and deliver all documents required under this Agreement and deliver any funds required to be paid by either party under the Agreement using wired, certified or other "ready funds" acceptable to the title company. If any part of the required funds (such as the loan proceeds) will not be delivered at Closing, the responsible party may request an extension. Unless otherwise provided in writing, the other party has the right to grant or not grant an extension, in its discretion.

C. The parties acknowledge that Seller will receive the proceeds of the sale only after the title company receives ready funds and records the deed and financing documents, if any. Even if all funds are properly delivered and all documents completed at Closing, Seller may have to wait until the title company records the documents before the title company disburses the Seller's proceeds to Seller.

D. Seller and Buyer agree that Seller will give possession of the Property to Buyer on:

- [ ] Closing Date, regardless of whether Seller has received the proceeds of the sale on that date; or
- [x] The date the proceeds of the sale are disbursed by title company ("Funding Date"); or
- [ ] Other: _____

E. A written occupancy agreement will accompany this Agreement if possession date and Closing Date are not the same.

## 6. CASH OR FINANCING CONDITIONS AND OBLIGATIONS.

[x] A. MORTGAGE LOAN. This Agreement is contingent on receipt by Buyer of a $ _____ loan to be secured by a mortgage loan for a maximum of **30** years. The mortgage loan will be closed at a maximum rate of **6** % interest. Buyer will make diligent effort to obtain the loan and will make application for the loan within **3** days after Date of Acceptance. In the event of written rejection this Agreement will terminate, and the Earnest Money will be refunded to the Buyer.

[x] **CONVENTIONAL.** It is expressly agreed that, notwithstanding any other provisions of this Agreement, Buyer shall not be obligated to complete the purchase of the Property or incur any penalty by forfeiture of Earnest Money if the Purchase Price exceeds the current estimated market value as established by a real estate appraiser or the lending institution to whom a loan application has been made.

[ ] **FHA.** It is expressly agreed that, notwithstanding any other provisions of this contract, Buyer shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the Buyer has been given, in accordance with HUD/FHA or VA requirements, a written statement by the Federal Housing Commissioner or a Direct Endorsement Lender setting forth the appraised value of the property, or a VA Certificate of Reasonable Value, (excluding closing costs) of not less than $ _____. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value nor the condition of the property. Buyer should satisfy himself that the price and condition of the property are acceptable.

[ ] **VA.** It is expressly agreed that, notwithstanding any other provisions of this contract, Buyer shall not incur any penalty by forfeiture of earnest money or otherwise be obligated to complete the purchase of the real estate described herein, if the contract purchase price or cost exceeds the reasonable value of the real estate established by the Veterans Administration.

[x] **OTHER.** _____

REALTORS® ASSOCIATION OF NEW MEXICO
PURCHASE AGREEMENT - RESIDENTIAL RESALE

☐ **B. SELLER FINANCING.** Approximate balance of $_____ will be financed by Seller and secured by: Real Estate Contract ☐  Mortgage ☐  Deed of Trust ☐. The terms and conditions of the Real Estate Contract, Mortgage or Deed of Trust are attached as Addendum _____. If the RANM Real Estate Contract, Form 2401, is selected, a completed RANM Form 2402, Addendum to Purchase Agreement Real Estate Contract is attached.

☐ **C. CASH OR SELLER FINANCED APPRAISAL CONTINGENCY.** Buyer shall not be obligated to complete the purchase or incur any penalty by forfeiture of earnest money if the Purchase Price exceeds the Property's appraised value as established by an appraiser engaged by and paid by Buyer. Subject to paragraph 6D, the Agreement shall terminate by Buyer giving Seller written notice of termination and a copy of such appraisal no later than _____ (Appraisal Deadline). If Seller does not receive such written notice of termination on or before the Appraisal Deadline, Buyer waives any right to terminate under this subsection.

**D. SELLER'S OPTION:** Seller may, at Seller's discretion, amend this Agreement to reduce the Purchase Price to an amount no greater than the current estimated market value, reasonable value or appraised value of the real estate as the case may be as established above by delivering written notice no more than 3 days after receipt of said notice of value or written notice of termination. If Seller does not elect to amend the Purchase Agreement, Buyer may proceed with the consummation of this Agreement without regard to the amount of reasonable or appraised or current market value, provided Buyer delivers written notice of such election within 5 days of the receipt of notice of the reasonable or appraised or current market value.

**7. COSTS TO BE PAID.** Buyer or Seller will pay the following marked items:

| Loan Related Costs and Fees | Buyer | Seller | Not Required | Title Company Closing Costs | Buyer | Seller | Not Required |
|---|---|---|---|---|---|---|---|
| Amortization Schedule |  |  | X | Closing Fee | ½ | ½ |  |
| Appraisal Fee | X |  |  | Legal Document Prep. | EACH | THEM | OWN |
| Appraisal Reinspection Fee | X |  |  | Transfer Fees |  |  | X |
| Credit Report | X |  |  | Recording Fees |  |  |  |
| Loan Assumption/Transfer |  |  | X | Buyer | X |  |  |
| Loan Commitment Fee | X |  |  | Seller |  | X |  |
| Loan Documentation Prep. | X |  |  | Special Assessment Search |  |  | X |
| Origination Fee     % | X |  |  | Other |  |  |  |
| Points-Buydown     % |  |  | X | Policy Premium |  |  |  |
| Points-Discount     % |  |  | X | Title Commitment |  | X |  |
| Tax Service Fee |  | X |  | Standard Owners Policy |  | X |  |
| Underwriting Review Fee | X |  |  | Mortgagee's Policy | X |  |  |
| Flood Zone Certification | X |  |  | Miscellaneous |  |  |  |
| Other |  |  |  | Survey (see paragraph 11C.) | X |  |  |
| **Prepaids Required by Lender** |  |  |  | Impact Fees |  |  | X |
| Flood Insurance |  |  | X | Home Warranty Contract (see paragraph 12) | X |  |  |
| Hazard Insurance | X |  |  | Other REALTOR FEE |  | X |  |
| Interest | X |  |  | Escrow Fees |  |  |  |
| PMI or MIP | X |  |  | Set Up |  |  |  |
| Taxes | X |  |  | Periodic |  |  |  |
|  |  |  |  | Close Out |  |  |  |

Buyer agrees to pay all other allowed direct loan costs.

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT - RESIDENTIAL RESALE

**8. PRORATIONS.** All applicable property-specific fees, including but not limited to, real estate or equipment rent or lease payments; membership and/or association fees or dues; and taxes are to be prorated as of Closing Date. Any contract service agreement (e.g. alarm system, satellite system, propane and tank, private refuse collection, road maintenance, etc.) will be handled directly between the Buyer and Seller, and title company will not be responsible for proration thereof. Seller will be responsible for disclosing such contract service agreements.

**9. ASSESSMENTS.** Buyer will assume all bonds, impact fees and assessments that are part of or paid with the property tax bill. If other bonds, impact fees or assessments are a lien upon the Property, the current installment will be prorated as of Closing. Buyer will assume future installments. This Agreement is conditioned upon both parties verifying and approving in writing the amount of all bonds, impact fees, or assessments to be assumed or paid within ten (10) days after receipt of the title commitment ("Approval Date"). In the event of disapproval, the disapproving party may terminate this Agreement by giving written notice to the other on or before the Approval Date. Future assessments for improvements such as, but not limited to, sidewalks, driveway cuts or roads will be paid by Buyer.

**10. EXAMINATION OF TITLE; LIENS; DEED.**

A. Buyer ☐ or Seller ☒ shall order a title commitment within __5__ days after acceptance. Buyer will have __5__ days ("Review Period") to review and object to title exceptions after receipt of the title commitment and all documents referred to therein. Exceptions to the title, including the standard exceptions, shall be deemed approved unless written objection is delivered to the Seller within this Review Period. If Seller is unwilling or unable to remove such exception before Closing, Seller shall provide written notice to Buyer within __5__ days after receipt of Buyer's objections. Buyer may choose to close subject to exceptions, remove them at Buyer's expense or terminate this Agreement. If Buyer terminates this Agreement, the Earnest Money will be refunded to Buyer.

B. Seller will satisfy any assessments and liens, including but not limited to, all mechanics' and materialmen's liens of record prior to Closing and will indemnify and hold Buyer harmless from any liens filed of record after Closing and which arise out of any claim related to the providing of materials or services to improve the Property as authorized by Seller or Seller's agents, unless otherwise agreed to by the parties in writing.

C. Seller will convey the Property by General Warranty Deed ☒ or other deed ☐ _____ subject only to any matters identified in the title commitment and not objected to by Buyer as provided in Paragraph 10A. The legal description contained in the deed shall be the same legal description contained in the title commitment and any survey required under paragraph 11C.

**11. SELLER DISCLOSURE AND OTHER DOCUMENTS AND INSPECTIONS.** Any "Deadline" can be expressed either as a calendar date or as a number of days after Date of Acceptance. Objection Deadlines, Resolution Deadlines and Closing dates may be extended only by an agreement of both parties.

A. DOCUMENTS. Seller shall deliver the following documents by the Delivery Deadline specified below. "Delivery Deadline" is the date by which Buyer shall receive any documents, reports or surveys as set forth below.

| DOCUMENTS | Delivery Deadline | Objection Deadline | Resolution Deadline |
|---|---|---|---|
| Seller's Property Disclosure Statement | already received | | |
| Road Documents | | | |
| Septic Documents | | | |
| Water Rights Documents | | | |
| Well Documents | | | |
| Other | | | |

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT - RESIDENTIAL RESALE

Is any part of this Property a residence built before 1978? Yes ☐ No ☒ If the answer is yes, federal law says:
Seller cannot legally accept this offer unless Buyer has received, before making this offer, ALL of the following:
  1. Lead-Based Paint Addendum to Purchase Agreement (RANM Form 5112) that was first fully completed and signed by Seller and then is signed by Buyer; and
  2. A list of and copies of all reports or information relating to lead-based paint inspections, risk assessments, and hazards; and
  3. A copy of the pamphlet, "Protect Your Family From Lead-Based Paint in Your Home."

If Buyer received the above items 1, 2 and 3 prior to writing this offer, Buyer's right to a ten (10) day opportunity to conduct inspections or risk assessments for the presence of lead-based paint and/or lead-based paint hazards will begin on the Date of Acceptance (as defined in the Purchase Agreement).

If Buyer has not received ALL the above items 1, 2 and 3 and had an opportunity to review them before writing this offer, AND has not signed the Lead-Based Paint Addendum to the Purchase Agreement, Seller cannot legally accept this offer. Seller should consult an Attorney for specific legal advice.

B. INSPECTIONS. Seller and Broker strongly recommend that Buyer satisfy any concerns that Buyer may have about the physical condition of the Property. To accomplish this, the parties are encouraged to employ competent (and, where appropriate, licensed) professionals to perform inspections of all conditions of the Property. Buyer has the right to have performed the inspections checked below. Seller ☒ or Buyer ☐ will be responsible for paying any charges required by the utility company to have utilities turned on for inspection purposes. Unless otherwise agreed in writing, the party paying for an inspection will select the inspector. The following inspections will be paid for by:

| INSPECTIONS | Buyer Pays | Seller Pays | Delivery Deadline | Objection Deadline | Resolution Deadline |
|---|---|---|---|---|---|
| Home | X | | 12-3-05 | 12-8-05 | 12-14-05 |
| Electrical | X | | " | " | " |
| Heating/Air Conditioning | X | | " | " | " |
| Plumbing | X | | " | " | " |
| Roof | X | | " | " | " |
| Structural | X | | " | " | " |
| Lead-Based Paint Evaluation | | | | | |
|   Risk Assessment | | | | | |
|   Paint Inspection | | | | | |
|   Combination Risk Assessment and Inspection | | | | | |
| Septic System | | | | | |
| Well Equipment (Pump, pressure tank, lines) | | | | | |
| Well Water Potability Tests | | | | | |
| Well Water Yield Tests | | | | | |
| Pool/Spa/Hot Tub/Equipment | | | | | |
| Wood Destroying Insects | X | | " | " | " |
| Dry Rot | | | | | |
| Radon | | | | | |
| Mold | | | | | |
| Other | | | | | |
| Other | | | | | |

REALTORS® ASSOCIATION OF NEW MEXICO
PURCHASE AGREEMENT - RESIDENTIAL RESALE

C. SURVEYS OR IMPROVEMENT LOCATION REPORT. Buyer has the right to have performed the item selected below or the right to accept an existing one. Unless otherwise agreed in writing the party paying for the item will select the surveyor and order the survey or report.

| SURVEY/IMPROVEMENT LOCATION REPORT | Delivery Deadline | Objection Deadline | Resolution Deadline |
|---|---|---|---|
| American Land Title Association (ALTA) | | | |
| Staked Boundary | | | |
| Improvement Location Report (formerly SIR) [not a survey] | 6/30/05 | 6/30/05 | 6/30/05 |
| Flood Plain Designation | | | |
| Other | | | |

Buyer has elected to waive any inspection, documents, or survey not selected in paragraphs 11 A, B, and C above and discharges any claims based on whatever such might have revealed. Each party is responsible for payment as shown above for any inspections or surveys ordered and performed whether or not the transaction closes.

D. BUYER'S OBJECTIONS.

1. The Buyer may make any reasonable objections to any report or unsatisfactory condition disclosed by any document (11A.), inspections (11B.), survey or Improvement Location Report (11C.) by submitting them in writing to Seller no later than applicable Objection Deadline. Any objections to any inspection, survey or report must be accompanied by a copy of the report. If Seller is responsible for ordering a report or document, and if Buyer does not receive that report or document by the Delivery Deadline, Buyer and Seller may agree to extend the Objection Deadline and Resolution Deadline or Buyer may terminate the Agreement. If Buyer is responsible for ordering a report or document, and fails to do so in a timely manner, Buyer may not use the failure to receive the report or document as cause to terminate the Agreement.

2. Upon objection, Buyer can request that Seller cure the objections or Buyer can terminate this Agreement. If no written objection or termination is delivered to Seller in writing by Objection Deadline, the contingency shall be deemed removed.

E. RESOLUTION. If Buyer makes specific objections and requests Seller to cure, Buyer and Seller may negotiate a resolution. If the objections are not resolved by the Resolution Deadline, this Agreement is terminated.

F. COST OF REPAIRS. Seller agrees to complete any repairs required by FHA, VA, a conventional lender, or with respect to any objections made by Buyer as a result of the above reports, at an aggregate cost not to exceed $500.00. If the cost to cure the objections exceeds this amount, such excess costs may be negotiated and if no agreement is reached, this Agreement shall terminate.

G. OBJECTIONS COMPLETION. Seller agrees to cure objections not later than 2 days prior to Closing.

H. REFUND OF EARNEST MONEY. If this Agreement is terminated pursuant to this Paragraph 11, the Earnest Money will be refunded to Buyer.

I. REASONABLE ACCESS; DAMAGES. Seller agrees to provide reasonable access to Buyer and any inspectors. The party selecting the inspector is responsible for and shall pay for any damages which occur to the Property as a result of such Inspection.

12. HOME WARRANTY CONTRACT. If provided for in paragraph 7 a home warranty service contract will be purchased from First American

The parties acknowledge that the home warranty service contract provides for limited coverage and for only limited components of the Property. In addition, the home warranty service contract contains specific exclusions and/or certain deductibles. Neither the Seller nor the Broker is responsible for home warranty coverage or lack thereof. The parties acknowledge that a home warranty service contract provider may or may not conduct an inspection of the Property. Any inspection report made available by the provider is not meant as a representation as to the condition of the Property, and is only a report used by the provider to determine the conditions under which the Property may be warranted.

REA~~~~ORS® ASSOCIATION OF NEW ~~~~ICO
PURCHASE AGREEMENT - RESIDENTIAL RESALE

**13. DISCLAIMER; LIMITATION OF LIABILITY.** Buyer declares that Buyer is buying the Property upon Buyer's own examination and judgment and not by reason of any representation made to Buyer by Seller or Broker as to its condition, size, location, value, future value, income therefrom or as to its production. Both parties acknowledge that Broker will not be investigating the status of permits, zoning, adjacent property zoning, boundary lines, physical or legal access, soil conditions, location of utility lines or availability of utility service, easements and/or code compliance. If any of the above are material considerations in making this purchase, Broker advises that Buyer verify any or all conditions of the Property before acceptance of the Agreement. <u>Square footage, acreage and/or lot size is approximate and neither Seller nor Broker guarantees accuracy.</u> Buyer acknowledges that Buyer has not received or relied upon any representation by either Broker or Seller with respect to the condition of the Property which are not contained in this Agreement or in the disclosure statements. Buyer and Seller acknowledge they are not relying on Broker for anything other than real estate advice or information. **Buyer acknowledges that neither Seller nor Broker warrants the future value of the Property.**

The parties hereby release the REALTORS® Association of New Mexico, all local REALTOR® Boards, Broker and Broker's agents and employees from any liability arising out of use of this Purchase Agreement form. Buyer and Seller acknowledge that they are hereby advised to consult their own respective attorneys, accountants, or other advisors as to the legal and tax effect of this Agreement prior to signing.

**14. MAINTENANCE.** Seller agrees that at Closing the heating, air conditioning, electrical, solar, septic systems, well and well equipment, gutters and downspouts, sprinklers, plumbing systems including the water heater, pool and spa systems, as well as appliances and other mechanical apparatus, will be in the same condition as of the Date of Acceptance, normal wear and tear excepted. Until the Property is delivered, Seller will maintain all structures, landscaping, grounds and pool. Seller agrees to deliver the Property with all debris and personal belongings removed. The following items are specifically excepted from the above: N/A

**15. PRE-CLOSING INSPECTION.** Buyer shall have the right to an inspection of the Property within **two (2) days** prior to Closing for the limited purpose of permitting Buyer to inspect the Property to determine that the Property is in the same condition as on the Date of Acceptance, reasonable wear and tear excepted and all agreed upon improvements have been completed.

**16. FLOOD HAZARD ZONE.** If the Property is located in an area which is designated as a special flood hazard area, Buyer may be required to purchase flood insurance in order to obtain a loan secured by the Property from any federally regulated financial institution or a loan insured or guaranteed by an agency of the U.S. Government.

**17. DEFINITIONS. BROKER** includes listing and cooperating brokers and salespersons. **DAYS** means calendar days, excluding weekends and bank holidays, unless otherwise specified. **DATE OF ACCEPTANCE** is the date this Agreement is fully executed (also referred to as "Contract Date"). **DELIVERED** means personally delivered, delivered by facsimile, mailed postage prepaid, or by any method where there is evidence of receipt. Delivery to the real estate licensee who is working with or who represents the Buyer or Seller will constitute delivery to the Buyer or Seller respectively. The **MASCULINE** includes the feminine. The **SINGULAR** includes the plural. **FUNDING DATE** means the date on which funds are disbursed by the title company.

**18. RISK OF LOSS.** Prior to Closing, risk of fire or other casualty will be on Seller, and in the event of loss, Buyer will have the option (to be exercised by written notice to Seller within **five (5) days** after receipt of notice of loss) of canceling this Agreement and receiving back the Earnest Money or closing and receiving assignment of Seller's portion of the insurance proceeds, if any, at Closing. If Buyer fails to timely notify Seller of Buyer's election, Buyer will be deemed to have elected to close.

**19. MEDIATION.** If a dispute arises between the parties relating to this Agreement, the parties agree to submit the dispute to mediation. The parties will jointly appoint a mediator and will share equally the costs of the mediation. If a mediator cannot be agreed on or mediation is unsuccessful, the parties may enforce their rights and obligations under this Agreement in any manner provided by New Mexico law.

REALTORS® ASSOCIATION OF NEW MEXICO
PURCHASE AGREEMENT - RESIDENTIAL RESALE

**20. EARNEST MONEY DISPUTE.** Notwithstanding any termination of this Agreement, Buyer and Seller agree that in the event of any controversy regarding the Earnest Money, unless written instructions of both Seller and Buyer are received by Broker or other holder of the Earnest Money, Broker or other holder of Earnest Money, shall not be required to take any action but may await any proceeding, or at Broker or Holder's sole discretion, may interplead all parties and deposit the Earnest Money into a court of competent jurisdiction for deposit in an interest bearing account, if available, and shall recover all court costs and reasonable attorneys' fees related to the dispute from the nonprevailing party.

**21. DEFAULT.** Time is of the essence. If any payment or any other condition hereof is not made, tendered or performed by either Seller or Buyer as required, then this Agreement may be terminated at the option of the party who is not in default. If the non-defaulting party elects to treat this Agreement as terminated, the non-defaulting party may elect to retain the Earnest Money and pursue any additional remedies allowable by law. In the event, however, the non-defaulting party elects to treat this Agreement as being in full force and effect, the non-defaulting party will have the right to an action for specific performance and/or damages. Buyer and Seller acknowledge and agree that Broker will not in any circumstances be responsible for any breach by either party to this Agreement. Should any aspect of this Agreement result in dispute, litigation, or settlement, the prevailing party of such action including Broker shall be entitled to an award of reasonable attorneys' fees and court costs.

**22. FOREIGN SELLERS.** The Foreign Investment in Real Property Tax Act (FIRPTA) may apply if Seller is a foreign person, foreign corporation or partnership, or nonresident alien, unless the purchase price is $300,000 or less AND the Buyer intends to use the Property as the Buyer's residence. FIRPTA may require the buyer of real property to withhold ten percent of the sale price and to deposit that amount with the Internal Revenue Service upon Closing.
Seller is ☐  is not ☒  subject to FIRPTA.

**23. FAIR HOUSING.** Seller and Buyer understand that the Fair Housing Act and the New Mexico Human Rights Act prohibit discrimination in the sale or financing of housing on the basis of race, age, color, religion, sex, sexual orientation, gender identity, familial status, spousal affiliation, physical or mental handicap, serious medical condition, national origin or ancestry.

**24. COUNTERPARTS.** This Agreement may be executed in one or more counterparts, each of which is deemed to be an original, and all of which will together constitute one and the same instrument.

**25. GOVERNING LAW.** This Agreement will be interpreted in accordance with the laws of the State of New Mexico.

**26. ENTIRE AGREEMENT.** The parties understand that this offer, if accepted in writing by Seller and delivered to Buyer, constitutes a legally binding contract. This Agreement together with the following addenda and any exhibits referred to in this Agreement contains the entire agreement of the parties and supersedes all prior agreements or representations with respect to the Property which are not expressly set forth herein. This Agreement may be modified or canceled only by a writing signed and dated by both parties.

- ☐ Buyer's Sale Contingency (Right of First Refusal) Addendum
- ☐ Miscellaneous Addendum
- ☐ Real Estate Contract Addendum
- ☒ Other Addendum #1
- ☐ Lead Based Paint Addendum to Purchase Agreement
- ☐ Insurance Addendum
- ☐ Occupancy Agreement - Buyer/Seller
- ☐ Residential Resale-Condominiums Addendum

**27. EXPIRATION OF OFFER.** This offer will expire unless acceptance is delivered in writing to Buyer or Buyer's Broker on or before __11/7__, 2005, at __5:00__ am/**pm** Mountain Time. If not accepted, this offer can be withdrawn at any time before the expiration date.

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT - RESIDENTIAL RESALE

### BUYER

Buyer: Joaquin Santoyo &/or Assigns      Date: 11/07/05    Time: 13:07

Buyer      Date    Time

Buyer Names (Print)      Email Address: JSantoyo@ELP.RR.COM

Buyer Address: 224 Thorn Ave.    City: El Paso    State: Texas    Zip Code: 79932

Buyer Home Phone: (915) 581-6454    Business Phone: (915) 351-1401    Fax: (915) 351-4321

### ACCEPTANCE BY SELLER

Seller acknowledges that Seller has read and understands the provisions of this Agreement and agrees to sell the Property for the price and on the terms and conditions specified, subject to:

Seller: Frances J. Jayme    Date: 11/7/2005    Time: 1:00 pm

Seller      Date    Time

Seller Names (Print): Francisco J. Jayme    Email Address: ponchiseo@aol.com

Seller Address: 105 Thoroughbred    City: Santa Teresa    State: NM    Zip Code: 88008

Seller Home Phone: (915) 874-9023    Business Phone: (915) 589-2101    Fax: ( )

### SELLING BROKER

Selling Firm:

By (Print):     Licensee is ☒ is not ☐ a REALTOR®

Address:    ... Teresa    NM    88008
   City    State    Zip Code

Business Phone: (505) 58_ -    Fax: (505)    Email Address:

### LISTING BROKER

Listing Firm:

By (Print):     Licensee is ☒ is not ☐ a REALTOR®

Address:    City    State    Zip Code

Business Phone: ( )    Fax: ( )    Email Address: